## RIDDELL *v.* JACKSON.

Plaintiff and defendant purchased on the same day contiguous lots of ground, from the same vendor, with valuable improvements thereon, the buildings on the one lot being divided from the buildings on the other lot, by a wall in common ; both acknowledged possession of the lots, &c., thus sold ; and both acts of sale referred to the same plan for limits. In a contest of boundary between plaintiff and defendant, a survey was ordered, which showed that the plan referred to was erroneous, and that plaintiff, to get the quantity of land called for in his title, made in accordance with this erroneous plan, would encroach upon the improvements of defendant. *Held :* That as the buildings designated in the act of sale appear to constitute by far the most valuable part of the thing sold, they must control an alleged measure of invisible lines falsely stated in the plan referred to, by a careless or incompetent surveyor.

APPEAL from the Sixth District Court of New Orleans, *Howell, J. J. Dunlap,* for plaintiff. *Durant & Hornor* and *L. Peirce,* for defendant and appellant.

BUCHANAN, J. Plaintiff and defendant purchased on the same day, of the same vendor, contiguous lots of ground, with buildings errected thereupon, the buildings on the one lot being separated from the buildings on the other lot by a wall in common at the time of the sale.

The description of the thing sold, in plaintiff's title, is as follows :

" A certain lot of ground, lying and being in the square bounded by Canal, Common, Circus and Phillippa streets, designated by the *number one* on a plan drawn by *Henry Mullhausen,* architect and civil engineer, on the 13th day of July, 1846. Said lot No. 1 measuring 29 feet 1 inch front on Phillippa street, 26 feet 3 inches in the rear, 135 feet 10 inches and 4½ lines on one line, and 134 feet on the line separating it from lot No. 2 ; on which lot of ground is a three story brick dwelling house, kitchen and dependencies; the whole rented at the rate of nine hundred dollars per annum to the 1st of November, 1846."

The description of the thing sold, in defendant's title, is as follows :

" A certain lot of ground, lying and being in the square bounded by Canal, Common, Circus and Phillippa streets, designated by the *No. two,* on a plan drawn by *Henry Mullhausen,* architect and civil engineer, on the 13th of July, 1846. Said lot measures 30 feet 2 inches front on Philippa street, 26 feet 6 inches in the rear, 134 feet on the line dividing the same from the lot No. 1, and 132 freet 4 lines on the line dividing the same from lot No. 3 ; on which lot of ground is a three story brick dwelling house, kitchen and dependencies, the whole now rented at the rate of one thousand and fifty dollars per annum to the 1st of November, 1847."

RIDDELL
v.
JACKSON.

The vendees acknowledge possession of the respective lots, &c., thus sold, and have been in possession thereof, respectively, ever since.

On the 1st of May, 1855, nearly nine years after the sale, the plaintiff instituted this suit, alleging that the line of one hundred and thirty-four feet, mentioned in both conveyances as the line dividing the two lots numbers one and two, had never been run and marked by meets and bounds ; and that defendant, adopting another and false boundary line, has taken possession of and has occupied and enjoyed, since the 8th of August, 1846, a large and valuable portion of plaintiff's lot, number one.

The petition prays that the line of division between lots number one and two, may be fixed and marked by limits, and established by a decree, and for damages. The answer is a general denial.

Surveyors were appointed to run this division line; and by their report and testimony, it appears that a line following the party wall which separates the houses of plaintiff and defendant, will not give plaintiff the quantity of land called for by his title ; but that *Mullhausen's* plan is erroneous, and the line of 134 feet called for by the title, and exhibited on that plan, can only be had by drawing a crooked line from front to rear, which, while it enlarges the apartments of plaintiff will encroach upon those of defendant.

One of the surveyors who ran the line testifies. " The line which is claimed by the plaintiff as the true line, would run through the entry of defendant's house ; at the widest part it is four feet, four and a half inches from the center of the wall. The next door to the defendant's house are the parlors of plaintiff. If this line were to be made, it would enlarge the parlor of *Dr. Riddell*, plaintiff, and his yard and the rooms up stairs over the parlor. The line claimed by plaintiff would not give him any additional front on Philippa street, or on the alley in the rear. It would involve an entire new wall between the parties—and would compel a modification of defendant's passage way or entry, and of the upper portion of his house also above the entry."

This claim of plaintiff cannot be sustained. It is founded upon a plan exhibiting a line, which is admitted on all hands to be erroneous ; and it leaves out of view that important portion of the description of the thing sold, which concerns the improvements. The titles of the two parties are of equal dignity. Both are of the same date, and have the same author. The plaintiff acquired a three story brick dwelling house, kitchen and dependencies, then under lease at a rent of nine hundred dollars. The defendant acquired a three story brick dwelling house, kitchens and dependencies, then under lease, at a rent of one thousand and fifty dollars.

These designations of visible objects, constituting by far the most valuable part of the thing sold, must control an alleged measure of invisible lines, falsely stated by an incompetent or careless surveyor.

The plaintiff knew what he was purchasing, for he acknowledged himself, in the act of sale, to be in possession of the thing purchased.

It is, therefore, adjudged and decreed, that the judgment of the District Court be reversed ; and that there be judgment in favor of the defendants and appellants, with costs in both courts.